**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **JERRY HAIRE AND DENISE HAIRE,** § § | |
| **PLAINTIFFS,** § § | |
| **VS.** § § | **CIVIL ACTION NO.:** |
| **ALLSTATE INSURANCE COMPANY,** § § | |
| **DEFENDANT.** § § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Allstate Insurance Company ("Allstate"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the U.S. Treasury.[3]  As discussed herein, Plaintiffs' lawsuit may only be addressed in this federal court, because Plaintiffs have succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under authority of the Congress pursuant to 42 U.S.C. § 4013(a).  Allstate, therefore, files this Notice of Removal removing the state court action styled *Jerry Haire and Denise Haire v. Allstate Insurance Company*, Cause No. 60715, in the 88th Judicial District Court of Hardin County, Texas to the docket of this Honorable Court.  An index of all documents being filed contemporaneously with this Notice of Removal pursuant to Local Rule

---

[1] 44 C.F.R. § 62.23(f).
[2] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir.1998).
[3] *Grissom v. Liberty Mu. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

CV-81 is attached as Exhibit A.  In support of this removal, Allstate would respectfully show as follows:

### I.

1. On August 27, 2019, Plaintiffs, Jerry Haire and Denise Haire, filed a lawsuit entitled "*Jerry Haire and Denise Haire v. Allstate Insurance Company*," in the 88th Judicial District of Hardin County, Texas, bearing Docket No. 60715.  *See* Exhibit B attached hereto, a certified copy of the state court file, including Plaintiffs' petition and all pleadings served to date.

2. Allstate hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), Articles VII(R) and Article IX, 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1367 and 28 U.S.C. § 1441(c).

### II.

**A.  REVIEW OF THE PLAINTIFFS' ORIGINAL PETITION**

3. At Paragraph 1 of Plaintiffs' Original Petition, Plaintiffs allege that their address is 10060 Cooks Lake Road, Lumberton, Hardin County, Texas 77657, and therefore they are residents and citizens of Hardin County, State of Texas.

4. At Paragraph 2 of Plaintiffs' Original Petition, Plaintiffs allege that Defendant Allstate Insurance Company is a domestic based insurance company duly licensed in the State of Texas.

5. At Paragraph 11, Plaintiffs allege they are the owners of the property located at 10060 Cooks Lake Road, Lumberton, Texas 77657 and had an insurance policy issued by Defendant insuring the above address issued.  This policy of insurance is evidenced by the Flood Policy Declarations, attached as Exhibit C.

6. At paragraph 12, Plaintiffs alleged that on or about August 27-29, 2017, they experienced a storm causing serious damage to their home.

7. At paragraph 13, Plaintiffs alleged Defendant has refused to pay their claim, is in breach of their insurance contract and in violation of Texas law.

8. At paragraph 22, Plaintiffs alleged they had in place a policy of insurance issued by Allstate and that Allstate failed to comply with the terms of the contract. Therefore, Plaintiffs allege that Allstate is in breach of the contract executed by the parties.

9. At paragraphs 31-39, Plaintiffs alleged that as a result of Defendant's acts and/or omissions, Plaintiffs are owed amounts under the policy and seek actual damages, extra-contractual damages, pre-judgment and post-judgment interest, statutory damages, common law damages and Attorneys' fees.

**B.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

10. Congress underwrites all operations of the NFIP through the U.S. Treasury.  This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.

11. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See,* 42 U.S.C. § 4013(a).  Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP") codified at 44 C.F.R. Pt. 61, App. A(1).

12. Pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA uses "Write-Your-Own" companies like Allstate to aid it in its statutory duty to administer the

National Flood Insurance Program.  *See* 42 U.S.C. § 4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

13. Allstate, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA.[4] The flood policy referenced is an SFIP Dwelling Property Form codified and found at 44 C.F.R. Pt. 61, App. (A)(1), a copy of which is attached as Exhibit D.

14. Allstate cannot waive, alter or amend any of the provisions of the SFIP.  *See* 44 C.F.R. § 61.13(d); 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

15. The payments that Plaintiffs seek in this lawsuit constitute a direct charge on the public treasury and would be binding upon the federal government.  *See Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).  Further, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies.  *See Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 402 (5th Cir. 2012).

16. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

*See West v. Harris,* 573 F.2d 873, 881 (5th, Cir. 1978).

---

[4] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

17. Based upon the foregoing, it is clear that the NFIP, the SFIP and WYO Program carriers participating in the NFIP, such as Allstate, are all governed by federal law, not state law.

**C.  FEDERAL JURISDICTION**

**(1)  42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

18. 42 U.S.C. §4072, conveys "original exclusive" jurisdiction over claims involving claims handling and administration of the SFIP.  This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort, or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

**(2).  28 U.S.C. §1331 – Federal Question Jurisdiction**

19. Allstate contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA.  As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*.), and federal common law."  44 C.F.R. Pt. 61, App. A(1), Article IX; (Exhibit D).   Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331. *See Const. Funding, L.L.C. v. Fidelity Nat'l Indem. Ins. Co.*, 636 F.App'x 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

20. In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, statutes and the FEMA Flood Manual governing the SFIP, including renewals of SFIPs.  Regardless of the source of funding for Plaintiffs' alleged actual damages,

the Court will have to interpret the SFIP and NFIP rules, regulations and FEMA written guidance to determine whether the damages alleged fall within coverage of the SFIP—a federal regulation. Federal common law governs such interpretation, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, and the NFIP rules are promulgated by FEMA—the federal agency charged by the Congress with administering the NFIP, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

21. Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a), (b) and (c), Allstate asserts that there are multiple federal questions presented within the Plaintiff's Original Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

**(3). Federal Jurisdiction under 28 U.S.C. § 1337**

22. Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004). Under § 1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiffs' pleadings. *See Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.

704, 706 (S.D.Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

    **D.**    **THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.**

23.    To the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. *See Exxon Mobile Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 557 (2005).

    **E.**    **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.**

24.    Allstate notes that its first knowledge or notice of the suit was on or about September 3, 2019. This Notice of Removal was filed on September 20, 2019. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. § 1446(b), and it is, therefore, timely.

25.    The property is located at 10060 Cooks Lake Road, Lumberton, Texas 77657. *See* Original Petition, ¶11. Thus, venue is proper in this Court pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), as the property is located within the jurisdictional territory of this Court.

26.    Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Allstate to date.

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated:  September 20, 2019.	Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: */s/ Bradley K. Jones*
    Douglas D. D'Arche
    State Bar No. 00793582
    Bradley K. Jones
    State Bar No. 24060041
    Ryan A. Walton
    State Bar No. 24105086
    811 Main St., Suite 1100
    Houston, Texas 77002
    Telephone: (713) 751-1600
    Facsimile: (713) 751-1717
    Email: ddarche@bakerlaw.com;
    bkjones@bakerlaw.com;
    rwalton@bakerlaw.com

AND

**NIELSEN & TREAS, LLC**
Iliaura Hands Esq.,
TX State Bar #24033597
Kim Tran Britt
Louisiana State Bar #24896
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: ihands@nt-lawfirm.com
Email: kbritt@nt-lawfirm.com

**COUNSEL FOR DEFENDANT, ALLSTATE INSURANCE COMPANY**

-9-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon the following counsel of record via CM/ECF System and/or Registered Email on this 20th day of September, 2019.

Michael Y. McCormick
McCormick & Boyd, PLLC
800 Town and Country, Suite 300
Houston, Texas 77024
Email: Michaelymccormick@gmail.com
Attorney for Plaintiffs

*/s/ Bradley K. Jones*
Bradley K. Jones