60715

CAUSE NO. _____

| | | |
|---|---|---|
| **JERRY HAIRE and DENISE HAIRE** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **OF HARDIN COUNTY,** |
| | § | **TEXAS** |
| **ALLSTATE INSURANCE COMPANY** | § | 88TH |
| **Defendant,** | § | \_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs **JERRY HAIRE and DENISE HAIRE**, and file this Original Petition against **ALLSTATE INSURANCE COMPANY**, respectfully showing the Court as follows:

### I. PARTIES

1. Plaintiffs' address is 10060 Cooks Lake Road, Lumberton, Hardin County, Texas 77657.

2. Defendant, ALLSTATE INSURANCE COMPANY (hereinafter referred to as "Allstate"), is a domestic based insurance company duly licensed in the State of Texas and may be served with process by certified mail, return receipt requested, through Allstate's registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### II. JURISDICTION

3. This Court has personal jurisdiction over the Defendant Allstate in this case because Allstate conducts a substantial amount of business in the State of Texas.

4. This Court has subject matter jurisdiction over this case because the damages sought are within the jurisdictional limits of the Court.

Filed: 8/27/2019 4:26 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

5.   All conditions precedent to recovery have been met.

### III. VENUE

6.   Venue is proper in Hardin County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002 in that all or a substantial part of the claims or cause of action arose in Hardin County, Texas.

7.   Venue is proper in Hardin County, Texas pursuant to Texas Insurance Code §15.032 in that the loss occurred in Hardin County, Texas.

8.   Additionally, this is a suit on an insurance policy with the proceeds to be paid in Hardin County, Texas and venue is proper pursuant to Tex. Civ. Prac. & Rem. Code §15.035.

9.   Finally, venue is proper pursuant to Texas Insurance Code §2210.552(C).

### IV. DISCOVERY LEVEL

10.   Plaintiff intends to conduct discovery under a Level 3 Discovery Control Plan under Texas Rule of Civil Procedure 190.2.

### V. FACTS

11.   Plaintiffs own a home located at 10060 Cooks Lake Road, Lumberton, Texas 77657 and had a policy of insurance issued by Allstate insuring the above address. Allstate's authorized representative sold the policy and represented that the policy would cover Plaintiffs in the event of weather events like the one they experienced in the days before Hurricane Harvey.

12.   On or about August 27-August 29, 2017, Plaintiffs experienced a storm with high winds and torrential rain, causing serious damage to Plaintiffs' home.



13. Despite demand having been properly made, premiums having been timely paid, accepted and received, Allstate has refused to pay the claim, in breach of their contract of insurance and in violation of Texas law as more fully set forth below.

## V. CAUSES OF ACTION

### 1. Texas Insurance Code and the Texas DTPA Tie-in

14. Defendants Allstate's unfair settlement practices constitute multiple violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Defendant Allstate has violated these statutes, as well as other statutory and common law violations more fully set forth below. All of the Defendants' Chapter 541 Insurance Code violations are made actionable under the Texas Deceptive Trade Practices Act through Texas Business and Commerce Code §17.50(a)(4). Alternatively, the Insurance Code violations are also actionable under Texas Insurance Code §541.151.

15. Defendant Allstate is liable for its unfair and deceptive acts, because Allstate is a "person" as defined by Texas Insurance Code §541.002(2). The term "person" is defined as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." Texas Insurance Code §541.002(2) (emphasis added).

16. The actions of Defendant Allstate were violations of the Texas Insurance Code Chapter 541, as set forth more fully below. Tex. Ins. Code §541.060(a)(2)(A), §541.060(a)(3), §541.060(a)(4), and §541.060(a)(7).

17. Defendant Allstate breached the duty of good faith and fair dealing when it failed to make a good faith attempt "to effectuate a prompt, fair, and equitable settlement of [the] claim

with respect to which the insurer's liability has become reasonably clear." The "investigation" they performed was, in effect, an outcome oriented investigation, used as a pretext to deny payment. These acts and omissions constitute an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

18. Defendant Allstate failed to offer Plaintiffs adequate compensation and did not provide an explanation as to why full payment was not made and/or why coverage was denied. Furthermore, Defendant did not communicate that any future settlements or payments covering all of their losses were forthcoming. The unfair settlement practice of Defendant as described above, of failing to promptly provide Plaintiffs with "a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim," constitutes an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

19. Defendant's unfair settlement practices of "failing within a reasonable time to affirm or deny coverage of a claim" to Plaintiffs, or to "submit a reservation of rights" to Plaintiffs, constitutes an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

20. Defendant did not properly inspect the Property. As a result, Allstate failed to provide adequate coverage and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Allstate. Defendant's unfair settlement practice, as described above, of "refusing to pay a claim without conducting a reasonable investigation with respect to the claim," constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

## 2. Breach of Contract



Filed: 8/27/2019 4:26 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

22. At the time of the loss, Plaintiffs had in place a policy issued by Allstate. The premiums were current and all conditions precedent to recovery had been performed. Defendant Allstate failed to comply with the terms of the contract and is therefore in breach of the contract of insurance executed between the parties

### 3. Texas Deceptive Trade Practices Act

23. Plaintiff is a "consumer" as defined by Tex. Bus. & Comm. Code 17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from Defendants.

24. Defendant Allstate's violations under §17.46(b) include, but are not limited to:

1. §17.46(b)(2);
2. §17.46(b)(3);
3. §17.46(b)(5);
4. §17.46(b)(9);
5. §17.46(b)(12); and
7. §17.46(b)(20).

25. The acts and omissions of Allstate also constitute additional violations of the Texas Deceptive Trade Practices Act, including a Breach of Warranty for Services. Texas Business and Commerce Code §17.50(a)(2). Defendant Allstate and it duly authorized representatives sold services to the Plaintiffs and made representations about the quality or characteristics of the services by promising both orally and in writing that the claim would be promptly and reasonably investigated. The representation became part of the basis of the

Filed: 8/27/2019 4:26 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

bargain. Defendants have breached that warranty by failing to reasonably and timely investigate the claim and make payments.

26. Additionally, Defendant's acts or practices took advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiffs to a grossly unfair degree and to their detriment. Allstate is therefore liable under Texas Business and Commerce Code §17.50(a)(3) for their unconscionable actions.

27. The above acts and omissions of Defendant were a producing cause of the Plaintiffs' damages.

### 5. Common Law Fraud and Constructive Fraud

28. The Defendant made various representations to the Plaintiffs, including whether or not their claims were covered and/or the value of claims, which were material, false, and intended to be relied upon by Plaintiffs at the time they were made. Said claims were in fact relied upon by Plaintiffs, causing Plaintiffs to incur expenses which should have been covered by the policy at issue. At the time the Defendant made the representations, it either knew the representations were false or made the representations recklessly without knowledge of the truth.

### 6. Conversion

29. Plaintiff timely and properly made a claim for proceeds under their insurance policy. Plaintiff had a contractual right to the possession of those funds and, therefore, owned them. For their own benefit, the Defendant wrongfully exercised dominion or control over the Plaintiff's property, namely, the money that should have been allocated to Plaintiff's claims, causing Plaintiff's injuries.

30. The money involved was not described or identified by the Allstate Defendants as part of the reserve amount set aside to handle this claim. Specifically identified money has to be



set aside for claims such as this one. Because of the Defendants' intent, or, in the alternative, willful failure, to not properly reserve, identify, and ultimately pay the funds, Defendants are liable for conversion.

## VI. DAMAGES

31.   As a result of the Defendants' acts and/or omissions, Plaintiff has sustained damages which include or will include, but are not limited to, the following:

32.   Amounts owed under the policy, including, but not limited to:

    a)   Demolition;
    b)   Remediation;
    c)   Reconstruction;
    d)   Additional living expenses;
    d)   Treble and punitive damages;

33.   Interest;

34.   Statutory damages under the Texas Deceptive Trade Practice Act and Texas Insurance Code, including treble and punitive damages for knowing, intentional, and/or reckless conduct;

35.   Common law damages caused by Defendants' Fraud and Breach of the duty of good faith and fair dealing,

36.   Pre- and post-judgment interest;

37.   Mental anguish; and

38.   Attorneys' fees.

39.   The acts and omissions of the Defendant were the proximate and/or producing cause of all damages sustained by Plaintiffs. Plaintiffs sue for all damages they are legally entitled to recover.



## VII. JURY DEMAND

40.   Plaintiff requests a trial by jury and tenders the appropriate fee.

## IX. REQUESTS FOR DISCLOSURE

41.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in 194.2 within 50 days of the service of this Request.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that the Defendant be cited to appear and answer herein, and that Plaintiffs be awarded judgment against the Defendant, jointly and severally, for all damages, court costs, and all other relief to which these Plaintiffs are justly entitled.

Respectfully submitted,

**MCCORMICK & BOYD, PLLC**

*/s/ Michael Y. McCormick*
MICHAEL Y. McCORMICK
State Bar Number 13461030
800 Town and Country, Suite 300
Houston, Texas 77024
Telephone Direct Dial (713) 254-0099
Michaelymccormick@gmail.com
ATTORNEYS FOR JERRY HAIRE AND
DENISE HAIRE

**CERTIFIED**

I, DANA HOGG, District Clerk in and for HARDIN COUNTY, TEXAS, do hereby certify that the foregoing is a true and correct copy as same appears on record in my office.

Witness my Hand and Seal of Office, this the 11 day of September 2019.

DANA HOGG, DISTRICT CLERK
HARDIN COUNTY, TEXAS
By Deputy: Katie Romero

8

